# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| HERNAN JOSE M. M., <br><br> Petitioner, <br><br> v. <br><br> DAVID EASTERWOOD, *Field Office Director of Enforcement and Removal Operations, St. Paul Field Office, Immigration and Customs Enforcement*; KRISTI NOEM; *Secretary of the U.S. Department of Homeland Security*; TODD LYONS, *Acting Director of U.S. Immigration and Customs Enforcement*; PAM BONDI, *Attorney General of the United States*; and RYAN SHEA, *Sheriff of Freeborn County*, <br><br> Respondents. | Case No. 26-cv-481 (LMP/DTS) <br><br><br> **ORDER FOR SUPPLEMENTAL BRIEFING** |

The Court has received the parties' submissions and briefing relating to the issues raised in Petitioner Hernan Jose M. M.'s petition for a writ of habeas corpus. Having reviewed those submissions and considered the parties' arguments, and in the interest of thorough and proper adjudication of Hernan Jose M. M.'s claims, the Court has determined that it needs additional information and briefing from the parties.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The parties are **ORDERED** to submit supplemental briefing by Tuesday, February 17, 2026, addressing the following:

a. Whether Hernan Jose M. M.'s parole status would have naturally expired on August 5, 2025, as indicated in his I-94 (ECF No. 1-1), regardless of whether the purported termination of his parole (ECF No. 1-2) was lawful;

b. Assuming, *arguendo*, that Hernan Jose M. M.'s parole status naturally expired or was lawfully terminated, the proper construction and effect of:

   i. The requirement in 8 U.S.C. § 1182(d)(5)(A) that a noncitizen shall "return or be returned to the custody from which he was paroled"; and

   ii. The requirement in 8 C.F.R. § 212.5(e)(2)(i) that a noncitizen "shall be restored to the status that he or she had at the time of parole";

c. Whether the holdings in *Rodriguez-Acurio v. Almodovar*, No. 2:25-cv-6065 (NJC), 2025 WL 3314420 (E.D.N.Y. Nov. 28, 2025), and *E. V. v. Raycraft*, No. 4:25-cv-2069, 2025 WL 3122837 (N.D. Ohio Nov. 7, 2025), are applicable to the issues in this case, including as it pertains to the statutory and constitutional arguments raised in those cases;

d. The effect, if any, of the representation made to Hernan Jose M. M. by United States Citizenship and Immigration Services in the receipt notice relating to his asylum application that he "may remain in the

        United States until [his] asylum application is decided," ECF No. 1-5 at 1; and

    e.    Any additional authorities not already discussed in the parties' briefing;

2.     The parties may file a response to the other side's brief on or before Friday, February 20, 2026;

3.     The parties' briefs must conform with this District's Local Rule 7.1(f), except that the parties' opening briefs may not exceed 6,000 words and their responses may not exceed 3,000 words; and

4.     The parties may submit, if necessary, additional documents, affidavits, and exhibits with their submissions.

Dated: February 10, 2026                  *s/Laura M. Provinzino*
                                                       Laura M. Provinzino
                                                       United States District Judge